# IN THE UNITED STATES DISTRICT COURT OF EASTERN DISTRICT OF PENNSYLVANIA

Craig Boston, pro se      18    0974

vs.

Bucks County Correctional Facility; Dr. Cassidy; Ms. Budd

## Complaint

1. Boston is a citizen of the United States and an inmate at B.C.C.F.

2. Bucks County Correctional Facility is an agency of the Government and is being sought in its indivisual capacity.

3. Dr. Cassidy is a psychologist in charge of Mental Health treatment a. B.C.C.F. [Indivisual Capacity]

4. Ms. Budd is a deputy warden at B.C.C.F. and is in charge of inmate services [Indivisual Capacity]

5. Boston is filing this complaint under Section 1983 [Prison Complaint] for infraction against the Equal Protections Clause of the Fourteenth Amendment, and Inadequate

Medical Care of the Eight Amendment, Deprivations of rights secured by the United States Constitution. He represents the following:

6. After an incident on 12/1/16, where Boston threated an inmate (Inmate Heppard was investigated two days later and found to have been extorting Boston), he was placed in the R.H.U. (restricted housing unit), then placed by administration back onto Generally Populated Mental Health Block, Gulf Module. By Boston punitive expiration date, 1/15/17, he'd resumed taking his medication and eating his food for over thirty days, and hadn't exhibited any mental disfunctions. On that date Dr. Cassidy placed him on Mental Health lock, and restricted him to his cell. When asked why another inmate who'd been repeated aggressive, and injected on countless occasions was allowed out of his cell, Dr. Cassidy stated that the inmate hadn't been arrested for the same thing Boston had. Dr. Cassidy habitually used this fact to lock Boston on mental health lock (Grievence was filed due to her actions). Dr. Cassidy later moved Boston to the M.H.U. (Mental Heath Unit). Boston does suffer from mental illness, but not so much as to have moved him off of a General Population Mental Health Module and place him on a solitary unit, which housed the eight inmates considered to be most severly afflicted. Dr. Cassidy acted without rational relation to the purpose beyond Bostons' charges.

7. Where regular inmates received writeups and punitive punishments, Boston received both punitive disipline, and additional lock on mental health status after he'd served out his punitive time. In which he would still remain locked in isolation. This without

any displays of psychological incompetence, or aggressions. Dr. Cassidy's procedure later manifested into Dr. Cassidy locking Boston for memos and daily logs that suggested even the slightest discourse. Acts that other inmates would not have been penalized for beyond an already given redirection. Boston was routinely moved back and forth from the M.H.U. to the R.H.U., at times where he didn't get written up and there were no infractions to the prisons rules, and where other inmates in the M.H.U. would simply remain there if written up, with and adjusted R.H.U. status. If Boston had a write up he'd remain in the R.H.U. far beyond his punitive expiration. In the period of a year surrounding his claim Boston hadn't been in one physical altercation, nor had he been sedated for any acts of aggression. He'd also never been placed on mental health watch for psychological acts, only placed on Lock. Where other inmates were consistently disruptive and violent, with a week or so of normal non-disruptive behavior they were allowed to move to a functional unlocked mental health module. Boston was never afforded that opportunity. Dr. Cassidys acts bore no rational relationship to legitimate penalogical interest, and were without rationality in the classification of treatment. Boston was treated unequally to individuals simelarily situated under Dr. Cassidys care.

8. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Boston's deprivements as an inmate in the M.H.U. and sporadically the R.H.U. included, the exclussion or religious services, vocationl / education programs, acess to freely research the law beyond knowing a specifically detailed inquiry of info needed, ß drug treatment. Boston also alleges the denial of due rights of internal procedure and basic dignity. Through this period Boston was denied a multitude of

beneficial programs and policies allon the basis of nothing more than Dr. Cassidys indifference to Boston criminal charges of Attempted Murder of a woman.

9. Boston extensively suffered the emotional abuse of solitary confinement without realistic justification, and unequally subjected to emotional and psycological isolation, extreme depression, and marginal abuse. In addition to solitary confinement in the M.H.U., placeing Boston in the restricted housing unit without reasonable purpose, with troubled inmates, for indefinate periods of time created a self perpetuating situation caused emotional and psycological deterioration. This without proper mental healthcare and guidance.

10. B.C.C.F. by way of Dr. Cassidy, and inmate serivces [Ms. Budd] administration failed to provide adequate medical treatment by habitually being unresponsive to request to be seen for cronic mental despair and intervention into Bostons claims of abuse and stigmatization. Dr. Cassidy systemically skiped Boston during daily rounds at times in the excess of multiple months, and throughout Bostons stay in the M.H.U. and R.H.U. Dr. Cassidy missed rounds at least 2-3 times during a week. The accused further failed to care constitutionally, by failing in their statutory obligation to establish appropriate treatment programs for mentally ill ~~████████████~~ inmates housed in the M.H.U. Classified as the most ill inmates, inmates in the M.H.U., even those allowed out of their cells, are not listed or even entitled to cognative treatment, therapy, or any other

psychological treatment in contradiction to their status. Programs which the general population have access to. This practice bears no penalogical interest.

On November 28, 2018, Boston met with B.C.C.F. administration he had supplied them with a copy of this complaint. Boston was allowed onto General Population [G-Module] that day and relieved of his isolation, as he had been in segregation [R.H.U.] without misconduct for an extended period. On 12/21/18 Boston was removed from G-Module without any incidents of misconduct or rule violations. His clothes were taken and he was locked. Boston was never told why and after weeks of inquiry without response Bostons mental stability was finaly compromised. He remains in the R.H.U.

Wherefore the Plaintiff respectfully requests that sanctions are made in his favor to ensure that adequate care is provided to the mentally impaired, and unequal treatment is nullified. He requests a monetary amount of $300,000 for emotional neglect and unequal treatment resulting in extreme emotional and psycological deterioration. $100,000 for the deprivement of programs benefical to his mental stability and inadequate medical care resulting in distress.

Respectfull Requested
2/2/18

Craig Boston, prose
Craig Boston
1730 S. Easton Rd.
Doylestown, PA, 18901

B.C.P. Number: 120746

**ALL INMATES FILL IN THIS SECTION**

Name (Last, First): Boston, Craig
Date: 2/11/18
Module and Cell Number: RHU #9
Admission Date: 8/12/16

I would like to see: ~~Warden~~ Bus. Off.

I need to see that staff person because: Can you please provide me with 6 months of my past inmate account interactions to date. Thank You

Signature of Inmate: Craig Boston

**Do Not Write Below This Line**

Date request answered:

Answer: We do not provide offenders with account transaction reports.

Refferral Sent To: ___
Return To: ___  Module & Cell #: ___
Signature of Staff Person: Business Office

BCCF 194 REV. 10/04