IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG BOSTON,<br><br>      *Plaintiff,*<br><br>   v.<br><br>ABBEY CASSIDY and<br>LILLIAN BUDD,<br><br>      *Defendants.* | CIVIL ACTION<br>NO. 18-974 |

**PAPPERT, J.**                                                                                           October 1, 2018

## **MEMORANDUM**

*Pro se* Plaintiff Craig Boston, a prisoner in the Bucks County Correctional Facility ("BCCF"), sued psychologist Abbey Cassidy and deputy warden Lillian Budd pursuant to 42 U.S.C. § 1983 alleging violations of his Fourteenth Amendment rights, inadequate medical care in violation of his Eighth Amendment rights and negligence. Both Defendants filed Motions to Dismiss for failure to state a claim. Boston has not responded to either Motion, nor has the Court heard from him since June 1, 2018. On August 17, 2018, the Court ordered Boston to respond to the Motions by September 16, 2018, or the case would be dismissed. Boston has failed to do so and after considering the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court dismisses the case for failure to prosecute.

I

Boston filed an application for leave to proceed *in forma pauperis* on March 6, 2018. (ECF No. 1.) The Court granted his application on March 27, 2018. (ECF No. 4.) That same day, Boston filed his Complaint and a Motion for Appointment of Counsel. (ECF Nos. 5 & 6.) On March 29, 2018, the matter was referred to the Prisoner Civil Rights Panel. (ECF No. 10.) Dr. Cassidy filed her Motion to Dismiss on April 30, 2018 (ECF No. 14), and Budd filed her Motion on May 23, 2018, (ECF No. 17). Boston did not respond to either Motion within fourteen days, as required by Local Rule of Civil Procedure 7.1(c). Rather, on June 1, 2018, Boston filed a statement, alleging that BCCF was withholding his mail. (ECF No. 18.) On June 12, 2018, the Court ordered Defendants to respond to Boston's statement by June 25, 2018, and required Boston to respond to the Defendants' Motions by July 6, 2018. (ECF No. 19.) Budd responded to Boston's statement and attached an email where the warden of BCCF confirmed that mail was being distributed per protocol. (ECF No. 20.) When Boston failed to respond to either Motion, the Court issued another Order on August 17, 2018, requiring Boston to respond to the Motions by September 16, 2018, and advising him that his failure to do so would result in dismissal of the case for failure to prosecute. Boston has not responded to the Motions or communicated with the Court.

II

Federal Rule of Civil Procedure 41(b) permits a court to dismiss a suit for failure to prosecute. Fed. R. Civ. P. 41(b). District courts also have inherent power to dismiss a case *sua sponte* for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962) (holding Federal Rule of Civil Procedure 41(b) did not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that

have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

Before dismissing a case as a sanction for a party's litigation conduct, a court typically must consider and balance the factors identified by the Third Circuit in *Poulis*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions and (6) the meritoriousness of the claims or defenses.

747 F.2d at 868 (emphasis omitted).[1] There is no "magic formula" or "mechanical calculation" when analyzing the *Poulis* factors. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citation omitted). "[N]o single [ ] factor is dispositive." *Id.*

III

Dismissal is warranted in this case. Two of the factors strongly weigh in favor of dismissal. As a *pro se* litigant, Boston bears personal responsibility for failing to comply with the Court's multiple orders directing him to respond to Defendants' Motions to Dismiss. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (finding that failure to comply with the court's orders could not be blamed on counsel when plaintiff was proceeding *pro se*). The Court's August 17 Order made clear that

---

[1] The Third Circuit has instructed that consideration of the *Poulis* factors is not required "[w]hen a litigant's conduct makes adjudication of the case impossible," *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007), such as when a plaintiff refuses to participate in the litigation without explanation. *See, e.g.*, *Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010) (affirming a district court's dismissal of an action for failure to prosecute without considering the *Poulis* factors where the plaintiff failed to respond to discovery requests or to appear for depositions and offered no explanation for his inaction in response to a show cause order from the court); *Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994) (holding consideration of the *Poulis* factors was unnecessary where, after receiving an adverse ruling on some of her claims, the plaintiff "willfully refused to prosecute her remaining claims"). This case arguably falls into this category, as Boston's failure to communicate with the Court since June 2018 suggests he may have abandoned his claims. The Court will nonetheless conduct the *Poulis* analysis.

3

Boston's failure to respond could result in dismissal of the case.  Furthermore, in light of Boston's *in forma pauperis* status, the fifth *Poulis* factor also weighs in favor of dismissal.  Alternative sanctions short of dismissal—such as fines, costs, or on an award of attorneys' fees—cannot be imposed.  *See id.* at 191 (upholding a finding that monetary sanctions were not alternative to dismissal where the plaintiff was proceeding *in forma pauperis*).

With respect to the fourth factor, the Court is unsure whether Boston's failure to comply with the Court's orders is the product of willfulness or for another reason, given Boston's previous allegation that he was not receiving his mail.  Nevertheless, in these circumstances, Boston's unresponsiveness for approximately four months suggests his intention not to pursue the case.

With respect to the remaining *Poulis* factors, delay can be prejudicial, *see id.*, but the Court does not know if Boston's failure to respond to Defendants' Motions is a source of substantial prejudice to Defendants.  While Boston generally has been dilatory in communicating with the Court, he does not have a significant history of dilatoriness.  Nonetheless, Boston's inactivity in the case gives rise to a presumption of prejudice.  *See Herrman v. Allstate Ins. Co.*, 450 F. Supp. 2d 537, 544 (E.D. Pa. 2006) ("Such a lengthy period of inactivity . . . gives rise to a presumption of prejudice").

Furthermore, the meritoriousness of Boston's claims are, at best, a neutral factor.  To the extent Boston asserts claims against Budd, they should be dismissed, as he only mentions her once in the Amended Complaint and does not specifically assert that she was involved in the alleged incidents.

In sum, three of the *Poulis* factors—personal responsibility, unavailability of alternative sanctions, and willfulness—weigh in favor of dismissal; and the three remaining factors—prejudice, a history of dilatoriness, and meritoriousness of the claims—are given less weight. As the Third Circuit noted:

> Not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. The decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court—a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted.

*Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). The Court accordingly dismisses this case with prejudice for failure to prosecute.

An appropriate order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

GERALD J. PAPPERT, J.